# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARRILLO, JR., <br><br> Petitioner, <br><br> v. <br><br> DANIEL PARAMO, <br><br> Respondent. | Case No. 1:15-cv-00637-SAB (HC) <br><br> FINDINGS AND RECOMMENDATION REGARDING DUPLICATIVE PETITION |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On April 22, 2015, Petitioner filed a petition for writ of habeas corpus in this Court. That petition has been assigned case number 1:15-CV-00624-GSA (HC), and is currently awaiting screening. On April 24, 2015, Petitioner filed the instant petition, which is a duplicate of the first federal petition for writ of habeas corpus filed in this Court by Petitioner. This petition has been assigned case number 1:15-CV-00637-SAB (HC).

**I.**

**DISCUSSION**

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." Adams

1 v. California Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007).  "Plaintiffs generally
2 have 'no right to maintain two separate actions involving the same subject matter at the same
3 time in the same court and against the same defendant.'"  Adams, 487 F.3d at 688 (quoting
4 Walton v. Eaton Corp., 563 F.2d 66, 70 (3d Cir. 1977) (en banc)).

5       In assessing whether a second action is duplicative of the first, the court examines
6 whether the causes of action and relief sought, as well as the parties or privies to the action, are
7 the same.  Adams, 487 F.3d at 689.  First, the court must examine whether the causes of action in
8 the two suits are identical pursuant to the transaction test, developed in the context of claim
9 preclusion.  Id.  Second, the court determines whether the defendants are the same or in privity.
10 Privity includes an array of relationships which fit under the title of "virtual representation."
11 Kourtis v. Cameron, 419 F.3d 989, 996 (9th Cir. 2005).  "The necessary elements of virtual
12 representation are an identity of interests and adequate representation."  Adams, 487 F.3d at 691
13 (citing Kourtis, 419 F.3d at 996). "Additional features of a virtual representation relationship
14 include a close relationship, substantial participation, and tactical maneuvering."  Adams, 487
15 F.3d at 691 (quoting Kourtis, 419 F.3d at 996).

16       A plaintiff is required to bring at one time all of the claims against a party or privies
17 relating to the same transaction or event.  Adams, 487 F.3d at 693.  The court has discretion to
18 dismiss a duplicative complaint with prejudice to prevent a plaintiff from "fragmenting a single
19 cause of action and litigating piecemeal the issues which could have been resolved in one
20 action."  Adams, 487 F.3d at 694 (quoting Flynn v. State Bd. of Chiropractic Exam'rs, 418 F.2d
21 668, 668 (9th Cir.1969) (per curiam)).

22       Normally, "where a new pro se petition is filed before the adjudication of a prior petition
23 is complete, the new petition should be construed as a motion to amend the pending petition
24 rather than as a successive application."  Woods v. Carey, 525 F.3d 886, 888-890 (9th Cir.
25 2008).  However in this case, the new petition is an exact duplicate of the petition currently
26 pending in the previously-filed petition.  Therefore, construing the new petition as a motion to
27 amend would serve no purpose.  Accordingly, the instant petition should be dismissed as
28 duplicative.

## II.

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED as duplicative.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, Petitioner may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **May 15, 2015**

UNITED STATES MAGISTRATE JUDGE